JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN V. MAGGI

## DEFENDANTS
NELSON, WATSON & ASSOCIATES, LLC

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

(Checkbox list of suit categories - none marked)

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE 5/17/10

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 656 Grace Lane, North Wales, PA 19454

Address of Defendant: 80 Merrimack St. Lower Level, Haverhill, MA 01830

Place of Accident, Incident or Transaction: 656 Grace Lane, North Wales, PA 19454
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☑

Does this case involve multidistrict litigation possibilities?   Yes☐ No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases 15 U.S.C §1692
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 5/17/10   Craig Thor Kimmel   57100
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/17/10   Craig Thor Kimmel   57100
Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

John V. Maggi                          :          CIVIL ACTION
              v.                       :
Nelson, Watson + Assoc.                :          NO.
              LLC                      :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                      ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.          (X)

5/17/10            Craig Thu Kimmel          John V. Maggi
**Date**          **Attorney-at-law**        **Attorney for** JV

(215) 540-8888    800-863-1689               Kimmel@creditlaw.com
**Telephone**     **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN V. MAGGI,          )
     Plaintiff         )
                   )
   v.              )   **Civil Action No.:**
                   )
                   )   **COMPLAINT AND DEMAND FOR**
NELSON, WATSON &   )   **JURY TRIAL**
ASSOCIATES, LLC,    )
     Defendant   )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

JOHN V. MAGGI ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NELSON, WATSON & ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3.  Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in North Wales, Pennsylvania.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a debt collector with its office located at 80 Merrimack Street, Lower Level, in Haverhill, Massachusetts, 01830.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through his agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  See 15 U.S.C. § 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid

- 2 -

deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of

- 3 -

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."   15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.    Defendant was hired to collect an alleged debt owed by Gotham Capital, LLC to Capital One Services, LLC.

16.    Defendant, however, sought to collect the alleged debt from Plaintiff, John Maggi, instead of Gotham Capital, LLC.

17.    Specifically, on January 5, 2010, Defendant began contacting Plaintiff on his home and cellular telephones in its attempts to collect the debt alleged to be owed by Gotham Capital, LLC.

18.    Plaintiff instructed Defendant to cease all calls to him.

19.    Defendant, however, ignored Plaintiff's instructions and continued to

-4-

contact him on his home telephone.

20.   In its initial call to Plaintiff, Defendant accused Plaintiff of committing a criminal offense, Credit Card Fraud.

21.   Defendant contacted Plaintiff on his cellular telephone on January 5, 2010; January 20, 2010; January 21, 2010; and January 26, 2010, making multiple calls to Plaintiff on each day.

22.   Additionally, between January 6, 2010, and January 15, 2010, Defendant contacted Plaintiff on his home telephone, again making multiple calls to Plaintiff on each day that it called him.

23.   In addition to making repeated calls to Plaintiff on his home and cellular telephones, on or about January 5, 2010, Defendant sent correspondence to Plaintiff at his personal residence in its attempt to collect the debt allegedly owed by Gotham Capital, LLC. See Exhibit A, the January 5, 2010, letter.

24.   The place of business for Gotham Capital, LLC is: 259 N. Radnor-Chester Road, Suite 210, Radnor, Pennsylvania 19087.

25.   However, Defendant sent its letter to 656 Gage Lane, North Wales, Pennsylvania 19454, which is Plaintiff's home address.

26.   Further, Defendant used its leverage inappropriately to place the business debt on Plaintiff's credit report. See Exhibit B, Plaintiff's credit report.

27.   Within five (5) days of the January 5, 2010, letter, Defendant failed to send correspondence to Plaintiff advising him of his rights to dispute the debt or to request validation of the debt, as required under § 1692g of the FDCPA.

28.   Plaintiff is not personally liable for the debt allegedly owed by Gotham Capital, LLC.

29.   Notwithstanding this fact, Defendant still attempted to collect the

PLAINTIFF'S COMPLAINT

alleged debt from Plaintiff.

30.     Despite the possible commercial nature of the debt, Defendant's actions transformed the debt into that which qualifies as consumer debt under the FDCPA when Defendant called Plaintiff numerous times at his residence and threatened him in an attempt to collect the alleged debt.

## CONSTRUCTION OF APPLICABLE LAW

31.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

34.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

      a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

      b. Causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number, in violation of 15 U.S.C. § 1692d(5);

      c. Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

      d. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

-7-

e. Falsely representing or implicating that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

f. Communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8);

g. Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

h. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

i. Collecting an amount not expressly authorized by an agreement creating the debt, in violation of 15 U.S.C. § 1692f(1);

j. Failure to send Plaintiff written notification advising him of his rights to dispute the debt or request verification of the debt, in violation of 15 U.S.C. § 1692(g)(a); and

k. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

- 8 -

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, JOHN V. MAGGI, respectfully prays for a judgment as follows:

    a.      All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.      Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN V. MAGGI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: May 17, 2010           KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
     Craig Thor Kimmel
     Attorney ID # 57100
     Kimmel & Silverman, P.C.
     30 E. Butler Pike
     Ambler, PA 19002
     Phone: (215) 540-8888
     Fax: (215) 540-8817
     Email: kimmel@creditlaw.com

02/03/2010  16:42    2156992132                    JV MAGGI                              PAGE  02

## *Nelson, Watson & Associates, LLC*

80 Merrimack Street Lower Level
Haverhill, MA 01830
Phone: 888-542-6928 • Fax:(978) 469-9046

PO Box 1299
Haverhill MA 01831
RETURN SERVICE REQUESTED

January 5, 2010

Creditor: Capital One Services LLC - CC
Acct #:        705151983
Balance Due as of 01/05/10: $23937.98

CAPC2444 - A20 - 1300
Gotham Capital Llc
656 Gage Ln
North Wales PA 19454-2737

Nelson, Watson & Associates, LLC
PO Box 1299
Haverhill MA 01831-1799

---

*** Detach Upper Portion and Return with Payment ***                          1300-NWAA2002-TYCEB452B7

Creditor: Capital One Services LLC - CC            Principal:          $23845.03
Acct No.: 705151983                                Interest:           $92.95
                                                   Total Balance as of 01/05/10: $23937.98

The above referenced account has been placed with this office for collection.  Remittance of the payment in full is hereby requested.

To obtain your most current balance information, please call our office at 888-542-6928.  For your security, please make all payments payable to Nelson, Watson & Associates, LLC.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call Monday through Thursday 8:30am to 9pm EST, Friday 8:30am to 5pm, or Saturday 9am to 1pm EST.

This communication is from a debt collector.  This is an attempt to collect a debt.  All information obtained will be used for that purpose.

Sincerely,
Consumer Services Department

Please Note: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  Funds may be withdrawn from your account as soon as the same day we receive the check and you will not receive your check back from your financial institution.

IF YOU WISH TO PAY BY VISA OR MASTERCARD, (CIRCLE ONE) FILL IN THE INFORMATION
BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.

  

_____          $ _____          ___/___
       Account Number                    Payment Amount        Expire Date

_____                              _____
      Card Holder Name                                      Signature of Card Holder



Consumer Credit Report for JOHN V. MAGGI

| | |
|---|---|
| File Number: | |
| Page: | 2 of 2 |
| Date Issued: | 02/13/2010 |

**ADVANTA BANK CORP** #5584180006914769

P O BOX 30714
DRAPER, UT 84130-0714
(801) 523-2800

Loan Type: BUSINESS CREDIT CARD
Remarks: ACCT CLOSED BY CREDIT GRANTOR

| | |
|---|---|
| Balance: | $25,404 |
| Date Verified: | 01/2010 |
| High Balance: | $27,701 |
| Credit Limit: | $27,000 |

| | |
|---|---|
| Pay Status: | PAID OR PAYING AS AGREED |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 08/2006 |
| Date Closed: | 05/2009 |

**CAPITAL ONE BANK USA NA** #4802137083984296

120 EAST SHORE DR
GLEN ALLEN, VA 23059
(800) 955-7070

Loan Type: BUSINESS CREDIT CARD
Remarks: ACCOUNT CLOSED BY CONSUMER
Estimated date that this item will be removed: 05/2016

| | |
|---|---|
| Balance: | $21,047 |
| Date Verified: | 02/2010 |
| High Balance: | $21,571 |
| Credit Limit: | $20,000 |
| Past Due: | >$2,987< |

| | |
|---|---|
| Pay Status: | >120 DAYS PAST DUE< |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 03/2008 |
| Date Closed: | 10/2009 |

**CAPITAL ONE BANK USA NA** #4802137109924292

120 EAST SHORE DR
GLEN ALLEN, VA 23059
(800) 955-7070

Loan Type: BUSINESS CREDIT CARD
Remarks: ACCT CLOSED BY CREDIT GRANTOR
Estimated date that this item will be removed: 06/2016

| | |
|---|---|
| Balance: | $23,937 |
| Date Verified: | 02/2010 |
| High Balance: | $23,845 |
| Credit Limit: | $20,000 |
| Past Due: | >$22,384< |

| | |
|---|---|
| Pay Status: | >CHARGED OFF AS BAD DEBT< |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 03/2007 |
| Date Closed: | 01/2010 |

- End of investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

